ENTERED ON DOCKET
R.55
AUG 24 2010
BY ___

PROB 12B
10/03

UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

FILED
AUG 24 2010
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By ___

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearing Is Attached)

Name of Offender: DAVID WESLEY CARTER    Case Number: 6:01CR-79-ORL-31DAB (MD/FL)
1:09CR178-1 (MD/NC)

Name of Sentencing Judicial Officer: The Honorable Gregory A. Presnell

Date of Original Sentence: October 17, 2001

Original Offense: Count One: Coercion and Enticing a Minor to Engage in Unlawful Sexual Activity in violation of 18 U.S.C. § 2422.
Count Two: Travel in Interstate Commerce with Intent to Engage in a Sexual Act with a Juvenile in violation of 18 U.S.C. § 2423.

Original Sentence: 30 months imprisonment on Count One and Two, to run concurrent, 3 years supervised release on Count One and Two, to run concurrent.

May 15, 2009: Jurisdiction was transferred from the Middle of Florida by the Honorable Gregory A. Presnell to the Middle District of North Carolina, accepted by the Honorable James A. Beaty, Jr.

Type of Supervision: Supervised Release    Date Supervision Commenced: August 19, 2008
Date Supervision Expires: August 18, 2011

Assistant U.S. Attorney: Scott J. Stein    Defense Attorney: Clarence William Counts, Jr.

---

## PETITIONING THE COURT

[ ]   To extend the term of supervision for _____ years, for a total term of _____ years.
[X]   To modify the conditions of supervision as follows:

The defendant shall abide by all conditions and terms of the location monitoring home detention program for a period of 12 months. At the direction of the probation officer, wear a location monitoring device which may include GPS or other monitoring technology and follow all program procedures specified by the probation officer. Pay for the location monitoring services as directed by the probation officer.

### CAUSE

David Wesley Carter began supervision and presently resides with his mother, Ms. Linda Carter in Eden, NC. He is employed by Everlasting Monuments of Greensboro, NC. He is under the supervision of the U.S. Probation Office and North Carolina Department of Correction. Mr. Carter is under the supervision of Rockingham County Intensive Probation Officer Daniel Attaway for a conviction of Indecent Liberties with a Child, with a date of offense of June 7, 2001.

Mr. Carter's adjustment to his first year and 11 months of supervision was very good. However, on June 30, 2010, at 5:15 AM the probation officer received a telephone call from Rockingham County Probation Officer Daniel Attaway advising that Mr. Carter was not present for his 7 PM curfew on June 29, 2010. Probation Officer Attaway advised that the residence was checked on three different occasions but Mr. Carter was not present. The probation officer contacted Mr. Carter by cell phone at 7 AM on June 30, 2010, and Mr. Carter admitted that he had left his residence on June 29, 2010, and traveled to Anderson, Indiana to see his fiancee, Ms. Beth Campbell. Mr. Carter was instructed to return to the Middle District of North Carolina immediately. Mr. Carter complied and returned to the Middle District of North Carolina on June 30, 2010.

Mr. Carter met with Supervisory U.S. Probation Officer Dale Cauble and the probation officer on July 1, 2010, and again admitted that he had traveled to Anderson, Indiana to see his fiancee. Mr. Carter advised that he had received a text message from his fiancee terminating their pending engagement. He advised that when he tried to call her to speak with her about the matter she refused to speak with him. Mr. Carter indicated that he drove to Anderson, Indiana to speak with her about the engagement. He indicated that he discussed the matter civilly with Ms. Campbell for two hours and returned to North Carolina. Ms. Campbell resides with her adult daughter and two grandchildren. Mr. Carter advised that at no point was he alone with any child. When Mr. Carter arrived at Ms. Campbell's residence, her daughter and grandchildren decided to leave. A subsequent telephone call to Ms. Campbell verified the above information.

Mr. Carter has acknowledged that his actions on June 29, 2010, were impulsive and in violation of his conditions of supervised release. Mr. Carter is in sex offender counseling at the Cornwell Center for Behavioral Health in Greensboro, NC. His therapist was advised of his behavior and he has been offered additional individual counseling in addition to his normal group sessions. It is the belief of the probation officer that a lengthy term of electronic monitoring will address Mr. Carter's violation behavior, allow him to continue his counseling and employment, and will insure the probation office of Mr. Carter's whereabouts in the future.

Respectfully submitted,

Edward R Cameron
U.S. Probation Officer

Approved by:

Dale R. Cauble
Supervisory U.S. Probation Officer

Date 8/6/2010

---

THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[✓]  The Modification of Conditions as Noted Above
[ ]  Other

Signature of Judicial Officer

Date 8/23/2010

ERC/erc

PROB 49
03/01

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina
## Waiver of Hearing to Modify Conditions

## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision.

The defendant shall abide by all conditions and terms of the location monitoring home detention program for a period of 12 months. At the direction of the probation officer, wear a location monitoring device which may include GPS or other monitoring technology and follow all program procedures specified by the probation officer. Pay for the location monitoring services as directed by the probation officer.

Witness: _____  Signed: _____
Edward R. Cameron              David Wesley Carter
U.S. Probation Officer         Probationer/Releasee

7/12/10
Date